LESLIE D. KING, Justice.

ORDER OF DISBARMENT

¶ 1. This matter is before the Court en banc on the “Petition of the Mississippi Bar to Accept Irrevocable Resignation Pursuant to Rule 10, MRD.” In its Petition, the Mississippi Bar requests that this Court accept the irrevocable resignation of Kenneth L. Jones and enter an order of disbarment. All procedural prerequisites have been met, thus we order the disbarment of Kenneth L. Jones.
¶ 2. On November 29, 2011, Kenneth L. Jones executed a Notice of Irrevocable Resignation, and he delivered it to the Mississippi Bar on or about December 1, 2011. In the Notice, Jones acknowledged two disciplinary matters pending against him before the Committee on Professional Responsibility (Docket Nos. 11-081-1 and 11-127-1) and averred that said disciplinary matters were the only disciplinary matters pending against him. Further, Jones stated that he did not desire to defend these matters and he requested permission to resign with prejudice from the Mississippi Bar. The Bar filed the instant Petition on December 6, 2011, requesting that this Court accept Jones’s irrevocable resignation.
¶ 3. Pursuant to Rule 1 of the Mississippi Rules of Discipline, this Court “has exclusive and inherent jurisdiction of matters pertaining to attorney discipline[.]” M.R.D. 1(a); Miss. Bar v. Thompson, 83 So.3d 1282, 1283 (2012) (quoting In re Keenum, 63. So.3d 552, 552 (Miss.2011)). We review cases involving attorney discipline de novo. Thompson, 83 So.3d at 1283; Keenum, 63 So.3d at 552.
¶ 4. Rule 10.5 of the Mississippi Rules of Discipline provides that
[a]n attorney may tender an irrevocable resignation to either the Court or the Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket *543 number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Tribunal shall enter its order accepting the resignation, revoking the attorney’s license, and barring forever thereafter the attorney’s right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action, and the resignation shall be considered tantamount to the proof of guilt on the matter charged.
M.R.D. 10.5.
¶ 5. After due consideration, we find that Kenneth L. Jones has properly filed his Notice of Irrevocable Resignation in accordance with Mississippi Rule of Discipline 10.5, and the Bar is entitled to the relief it seeks. Based on the record before us, and consistent with the Rules of Discipline for the Mississippi Bar and our caselaw, this Court finds that Kenneth L. Jones shall be disbarred permanently.
¶ 6. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
1. Kenneth L. Jones is hereby permanently DISBARRED from the practice of law in the State of Mississippi;
2. This order shall constitute notice of permanent disbarment in this cause;
3. The Clerk of this Court shall forward an attested copy of this order to Kenneth L. Jones and the Executive Director of the Mississippi Bar;
4. Kenneth L. Jones shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment, properly disburse all funds he may hold in trust, and comply with all other requirements applicable to disbarred attorneys pursuant to Mississippi Rule of Discipline 11;
5. Kenneth L. Jones shall, within forty-five days following entry of this order, file an affidavit with this Court stating that all of his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi, and that he has complied fully with all the requirements set forth in Mississippi Rule of Discipline 11, as well as the requirements of this order;
6. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Harrison County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court;
7. The Clerk of this Court likewise shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States;
8. All outstanding disciplinary proceedings against Kenneth L. Jones, including Cause No. 2011-BD-1810, are hereby terminated; and
9. Costs of this proceeding are hereby assessed against Kenneth L. Jones.
¶ 7. SO ORDERED, ADJUDGED, AND DECREED this the 19th day of April, 2012.
DICKINSON, P.J., NOT PARTICIPATING.